Can you get it done, 15 apiece? We will certainly do our best. And you're KG veterans, but that's for recording that amplification. And keep your voice up for everybody out there and for those of us up here who have issues, okay? Sounds good. Thank you, Your Honor. May it please the Court. Counsel, my name is Garrett Bain. I'm here on behalf of Rush University Medical Center. Today we're here on a Rule 308 certified question of law addressing issues of rest judicata and claim splitting. Rush asked this Court to find a plaintiff who split her claims against Rush and to dismiss the remainder of her cause of action against Rush. In Hudson and Ryan, the Illinois Supreme Court states that a plaintiff who splits her claims, his claims actually, by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a rest judicata defense. That is what we have here today. We have an action that had two branches of controversy. Rush University Medical Center was a party to both the radiology accounts and the hematology accounts, branches of controversy. Part of the action, the hematology accounts, went to final judgment, was dismissed by the circuit court. It was based upon the fact there was a statute of limitations problem. That's correct. And in that opinion, radiologists were irrelevant. They were irrelevant as to the statute of limitations defense. Totally irrelevant, had nothing to do with them. Absolutely. Because that case was a separate case that was filed later. It was filed on 2013. The radiology case was filed in 2010. The only thing at issue there were the hematologists. Nothing to do with the claim against the radiologists in Rush, right? Both of these claims arose out of the same set of claims. No, but that wasn't the issue in the case that went before the appellate court. The only issue was the statute of limitations issue. Absolutely true. Okay. And then there's a dismissal, and the order says without prejudice. Do the words without prejudice have any meaning at all? I'm sorry. Which order are we referring to? The voluntary dismissal order. Yes. October 11, 2016. Claims motion to voluntary dismissal granted. Causes dismissal without prejudice. Correct. So this actually goes to whether an exception may apply to the rest of the defense, specifically whether there has been an express reservation of the right to refile. Well, it hasn't been. It says without prejudice. No. And I would cite the Matejic case in support of that position. In that case, there was also a dismissal without prejudice. Then there was a voluntary dismissal. The case was refiled. And in that case, res judicata did apply. But the facts are much different than this case. Well, the facts are slightly different, but it involves the same set of scenarios where there is a dismissal without prejudice and then a voluntary dismissal. And then you look at what happened here and the fact that there's a cause of action. The plaintiff adds a group of defendants. Those group of defendants are then no longer involved in the case. And so the case continues with the radiologists. I don't see how it could be the same parties when the only parties discussed in the appellate court decision were the hematologists in Russia. And it was Russia with the parent authority. Your Honor, I submit that the issues in the dismissal of the hematology case do not render it a separate cause of action that's been submitted by the plaintiff, whether it's the radiology claims accounts or the hematology accounts. They all derive from the same set of facts. Well, no, it derives from the same admission. Same admission. But there's two distinct types of treatment rendered by two distinct specialty groups of doctors, right? Correct. And in your brief on page 13, you say that there is not one negligence claim in this case, but two, one against the radiologists and one against the hematologists. So how can you claim identity of assets when your language and notation are certainly very important? And as I've dug further into these Rastrudicata cases, I recognize that the use of cause of action and claims is very important and sometimes is used loosely by practitioners and sometimes even by the courts. Here I would submit that there is one cause of action, and those are the medical malpractice claims the plaintiff has against Rush and its hematologists and radiologists. Why I would say that they are one cause of action is that even plaintiff, and as this court noted in Heredia 1, plaintiff contended that both branches of controversy involve the same inpatient hospitalization witnesses and evidence. Now, that's a key issue. What facts, what evidence are necessary for the plaintiff to advance, whether it's the radiology claims or... If you look at somebody who handled malpractice cases for 27 years, two different sets of doctors, two different specialties, two different times, that's not the identical cause of action. They're separate. They can be filed in the same complaint, but as to the hematologists are not the same as the radiologists. They didn't treat the patient at the same time. They didn't treat the patient in the same way. And the standard of care is different. The standard of care is different. In order to get to... In order for the plaintiff, if the hematology case had not been dismissed, in order for the plaintiff to reach the hematology defendants and that cause of action, he would have to bring forward the same medical record, the same facts related to what was that kidney biopsy on May 6, 2009, what happened, there was a perforated kidney. What then resulted? Well, there were damages. The damages at issue in the radiology case and the hematology case are the same, and plaintiff will concede that and has conceded that in their pleadings before a circuit court. So based upon the fact that there are the same facts... But that's just one issue within the case. I mean, you've got negligence, causation, and damages. Those are three separate issues, and you've got two separate groups of specialists. I still think you have a problem with the identity of parties. There would be a problem with the identity of parties as to if I was here on behalf of Dr. Mishra, for instance, but I'm here on behalf of Rush. Rush was a party to all of the counts, whether it was hematology or radiology. On the basis of apparent agency. Apparent, actual, and... Right, okay. So, yes, it's a vicarious liability, vicarious scheme. But Rush was a party to all of those counts. Consequently, there is identity of parties, the plaintiff and Rush. I don't know of any case, I certainly haven't found one, saying that res judic cannot apply if there are a common defendant, but there are also other defendants that aren't in all of the claims as well. I don't know, the word identical is pretty straightforward. It says identity of positive action and identity of parties. Right. I think there is exactly what that means. I sometimes think it's an unfortunate phrase that was used by the court in rain, but what is necessary is there are the same here vis-à-vis the plaintiff and Rush. Those parties don't change at all, regardless of what count is advanced. Turning back to your question, Justice Hyman, about the express reservation of right to refile. I think under Mateshuk, it's very clear that the express reservation has to be explicit and it has to be in contravention to the res judicata doctrine. Simply there being a without prejudice is not sufficient. Without prejudice was present in Mateshuk. It was present in Ryan. It was present in Hudson. Again, those cases I think are very different factually than what we have here. Here again, we have a case that began, they're separate cases, and the case against the hematologist is gone in the statute of limitations grounds and then you're trying to combine that with the radiologist case just because Rush is named in both. Well, the cases were consolidated and they were consolidated, I would submit, for a reason. They were coordinated? There was a consolidation order. They were consolidated for, let's see. They were consolidated but they were independent cases. They were not merged. I don't know that this order, consolidation order, is in the supporting record, but I can supplement it. But the order that was entered by Judge Hogan back in July of 2013 states that the Heredia v. Rush filed under clause number 13L4302, which is a hematology case, is hereby consolidated into Heredia v. Rush. Which is a lower number case. Filed under clause number 10L. That's the way you always do it because the higher number case is consolidated into the lower number case, so it goes to the lower number judge. Sure. But the case is still separate. You still have a separate trial. They're just, for purposes of pretrial, they are consolidated for purposes of going through pretrial. And then after the consolidation, the plaintiffs did file an amended complaint, which had all the counts in one complaint, the radiology and hematology. Right. So, again, I think plaintiffs recognized that those suits had to be together or a plaintiff was going to be in jeopardy of a restitutacata scenario if one case went to verdict because they're saying damage is at issue in both the radiology counts and hematology counts. And if one case went to verdict, plaintiffs would not be able to entitle to double recovery for the same damages, which is why they consolidated them. It makes practical, pragmatic sense. All right. And just real quickly, turning back to the express reservation, some courts have found that there has been an express reservation of right if there were statements that were supplied in an affidavit by one of the parties saying the court expressly intended for the case to be refiled, wanted the case to be before that judge on refiling. So that showed an express reservation of right for refiling. But we don't have an affidavit like that in this case. We don't have anything other than the voluntary dismissal order. And the electronic docket sheet doesn't supply the necessary express reservation of right either. It's not a court order and it shouldn't be recognized as such. It certainly didn't stop the restitutacata, and Hudson didn't stop the restitutacata application in my case either. The last exception that has been raised on appeal is whether or not there has been consent or acquiescence to the refiling. Consent would happen before the voluntary dismissal order. Before the voluntary dismissal order in this case, there was an objection by Rush to the voluntary dismissal. So consent certainly doesn't apply. Acquiescence applies after the refiling. After there was a new case filed by the plaintiff, Rush promptly moved to dismiss on the basis of restitutacata. So there is no acquiescence either. Where the plaintiff contends that there was acquiescence was during sworn statements that were taken after the voluntary dismissal, but before the refiling of the new case. Again, there are cases including Dinerstein in particular, which indicates that silence is not enough. It was not the Rush's counsel's duty in that sworn statement to say, I absolutely object right now on the basis of restitutacata that this sworn statement is going forward. Silence is not enough. There was not acquiescence. So based on those arguments, I would ask that this Court answer the certified question in the affirmative and dismiss the claims against Rush. Thank you. Good morning. There are two primary issues in this case. The first being whether all of the requirements for restitutacata have been met by the appellant. And the second being even if the requirements were met, do the facts in this case nonetheless fall within a recognized exception to restitutacata? And the ones we have in mind would be express reservation or an agreement in effect. Looking at the first issue, whether all three of the requirements have been met, the first requirement is prior to the voluntary dismissal and refiling of the cause of action against the interventional radiologist, there must have been a prior judgment on the merits involving the interventional radiologist. And the final judgment on the merits is one that disposes of a termination of litigation between the plaintiff and in this case the interventional radiologist defendants, or it terminates a discrete branch of that litigation. Now the fact is there has never been a final judgment on the merits in the interventional radiology cause of action. The only dismissal order that's been entered concerning the interventional radiology cause of action was a voluntary dismissal. That is not a final judgment on the merits and it does not dispose of the litigation and it especially doesn't dispose of it where the voluntary dismissal was entered without prejudice, where the contemporaneous docketing statement states that the voluntary dismissal with the lien to refile is allowed. I know the relevant fact that before the motion to voluntary dismiss was brought, the case against the hematologist was already dead, right? Yes, it was. In 2015, that's gone. It was gone. But there's a case continuing and that was a case against the radiologist. Yes. So at the time in 2016 when it's without prejudice, it was clear that the case was still alive and the parties were litigating the case after 2015 that had to do with the radiologist. Two separate and distinct cases. Exactly. Yes. I don't see how it seems like the other side is taking history and reversing it. Yes. The first case was dismissed as the court has pointed out based upon the statute of limitations. It was second case. I'm sorry, the hematology case, the second case in order, was dismissed on the merits based upon statute of limitations and the case that remained was the interventional radiology case. It was a timely filed case and it was in counts one through four and there's never been a final judgment on the merits in that case. So I mean the first requirement for less free to conduct has not been met and all the requirements have to be met. If you look at the second requirement, there has to be an identity of causes of action between the hematology cause of action in which there was a final judgment on the merits and the interventional radiology cause of action. And the test for determining whether there is an identity of causes of action is are these two causes of action based upon the same facts? Is the same evidence required in order for us to sustain our burden in both of these causes of action? If you look at the causes of action, the event which is the subject of the interventional radiology cause of action is a surgery. It is a transgenular renal biopsy that the individual interventional radiologist performed on this plaintiff. It was on May 6, 2009 and our claim is that they used negligent technique and because of the technique that they used, they injured her during the surgery. One of the things they did is they perforated the capsule of her kidney with a cutting needle during the surgery. That is the basis of our claim. The hematology cause of action is based upon, it's not based upon surgery, it's based upon the negligent administration of blood thinners in combinations and in dosages which were improper and which caused her injury. Do you agree with counsel that the damages for those two are the same? I heard that and I would respectfully disagree with counsel. He says that you agree that it's the same damage. I thought I heard him say that. Yeah, I think that there are different damages. The trauma that was done to her during the surgery created different damages and definable damages that are different than what the hematology malpractice caused. I mean, the cause of action against the interventional radiologist and the cause of action against the hematologist involve different physicians, different medical specialties. They're governed by different standards of care. They will require different medical experts who will testify on what the standard is. It will involve different factual issues on whether we can prove a breach of the standard of care. Everything about it is different. There is no identity of cause of action. They're not based upon the same facts. So the requirement of an identity of causes of action has not been met. Then you go to the last requirement, and that's that parties and their privies must be identical. The interventional radiology cause of action has two individual defendants. It's Dr. Mishra and Dr. Paro Shuri, and they are doctors that specialize in interventional radiology, and they performed this trans-jointed renal biopsy on this lady. They are not defendants in the hematology cause of action. The hematology cause of action has its individual defendants, a Dr. O'Brien and a Dr. Tunster. They are doctors that specialize in hematology. They are not defendants in the interventional radiology cause of action. The parties in these causes of action are different. But their argument is we're the same. So Rush is in both. There's the identical. They're talking about Rush, not talking about the individual doctor. The R&D, and Rush is a defendant in the interventional radiology case specifically limited to its capacity as the apparent principal for the doctors that were doing the biopsy procedure. And Rush is a defendant in the hematology case limited to and arising out of its status and its capacity as apparent principal for the hematologists that were involved in this incident. The defendants here are not the same. There isn't the identity of defendants that you would need to satisfy the requirements of res judicata. So we would say that res judicata is not available as a defense. The court's ruling denying the motion to dismiss was proper, and we'd ask the court to affirm it. Now, the second issue is whether even if the defendants had met or the appellant had met the requirements of res judicata, there are exceptions to res judicata, and does this case fall within that? Looking at the express reservation exception, I think the Quintus case is a good illustration of what that exception is and when it comes into play. That was a case involving, it was a case between some investors against money managers, and it was counted in three counts. There was a negligence count, there was a breach of fiduciary duty count, and a violation of the Consumer Fraud Act count. Final judgment on the merits was entered in the fiduciary duty and the Consumer Fraud Act counts, and the negligence count was permitted to pen. The plaintiff subsequently voluntarily dismissed the count against the negligence count that had remained, and the language of the order is important here, and the language of the docketing statement, which is contemporaneous with the order, is important here because it's the same language as we have in this case. In Quintus, the voluntary dismissal was entered without prejudice, and the written contemporaneous docketing statement for the order says that voluntary dismissal with leave to refile is allowed, and that's the language that we have in our case. In Quintus, the court recognized in that language that there was an express preservation by the court of the right to refile the action, that therefore res judicata did not apply, and the court reversed an order dismissing the negligence count. And I think in several other cases, it's essentially the same. It is a decision on the merits as to suit and cause of action. It was a, I think, decision on the merits in that case. That was an equestrian case where someone either fell off of a horse who was thrown from the horse and sued the stables, and he filed a two-count complaint, one Animal Control Act count and one negligence count. The Animal Control Act count was dismissed on the merits. There was a final judgment on the merits on that one, and then negligence count continued to append. Subsequently, the plaintiff voluntarily dismissed the negligence count, and then they dismissed, so we're dealing with the same language. Voluntary dismissal without prejudice in the docketing order. Voluntary dismissal with leave to refile allowed. Again, the court heard, and I believe it was this district, felt that there had been an express reservation. This case came within an express reservation. Res judicata did not apply, as it does not apply in this case. And the dismissal was court ruled as it did. So I think the express reservation exception would apply here even if all of the requirements for res judicata were met. We feel strongly they haven't been met, so we feel that this court should not have to get as far as looking at exceptions. Having said that, I want to say a couple words about the agreement in effect exception because I think it would apply here if the requirements were not met for res judicata. That exception, my understanding, applies when the defendants following a voluntary dismissal implied by their conduct their understanding that the case is going to be refiled. Now, in this case, the defendants, this defendant, following a voluntary dismissal of the interventional radiology case, and this was a dismissal that was without prejudice to the right to refile, the defendant engaged in ongoing discovery in the dismissed case. They engaged in ongoing discovery by taking sworn statements of plaintiff's experts. There was a plaintiff's expert who was an expert on physical therapy and one that was an expert on hospital billing practices. And these took place not on one day, but on two days. And there was no objection to the depositions going. The depositions, I'm sorry, the sworn statements took a long time. This is not just someone silenced during the depositions. This is someone, the counsel for the appellant who is attending and part of this is appearing for the appellants in these sworn statements. The case has been dismissed, but they nonetheless are attending. This is conduct which indicates an understanding that this case is going to be refiled. Well, an important thing is that it happened just a few days after the dismissal without prejudice. So it wasn't as if, you know, if that's what it meant, then you would think a few days later this wouldn't take place. But the fact that it continued showed an indication that this case was still alive. Yes, that is absolutely true. That's a good point. During the sworn statements, I made a statement that it is the agreement of the parties to this case that this sworn statement can be used for the same purposes that a discovery deposition would be used. And no one said that's not my agreement. No one objected to this statement. I said that because that was our agreement. And, you know, I think the agreement in effect exception applies here, but I again think that this court should not have to get as far as exceptions to decide that res judicata does not apply. The requirements have not been met, and the circuit court's denial of the motion to dismiss was an appropriate denial. Thank you very much. Mr. Bain. I will do my best to be brief and pointed. First of all, to judge whether or not there has been a final order, the circuit court relied upon Weiss and Hall. And those two cases involved a single negligence claim. One case involved a negligence claim separated in subparagraphs. The other case involved a negligence claim separated in multiple counts. The appellate court found that there was no jurisdiction under Rule 304A in either one of those cases because there was not a final judgment as to a party or a claim. So it's not the case here. Those cases might apply here if the circuit court had said, I'm going to dismiss the actual agency claims against Rush. That wouldn't be a separate claim. It would be subject to a final judgment. What we have here is an entire, all the hematology claims were separate, were dismissed by way of sexual limitations. Whether or not that leads to then whether or not there is identity of causes of action. And I would simply leave it with a statement in Wilson, Illinois Supreme Court case, that if the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action. I've been through this, but I've submit that the same evidence and witnesses is necessary for both causes of action. There may be additional evidence that might be an issue in the hematology claims, but there is a common core to both the radiology and the hematology claims. Third, my opponent raised the Quintus case. And this, I'll be brief, but this case started a lot of confusion, I would submit, in the arena of whether or not there was an express reservation of right to refile. That case found that docket sheet entries are presumed to be correct and are accepted as orders of the court, but there's no authority cited for that proposition. And then the court went on to say, we must conclude that the trial court gave the instruction that the docket sheet entry should include the language, but leave to refile. So it's an add-on to what the circuit court's order said, but the clerk is not authorized to add on to what the circuit court judge entered in his or her printed, signed order. In effect, it would be an unauthorized act. Maybe it's for record-keeping, but he can't add to, the clerk cannot add to what the circuit court said in its order. So I would suggest that the Medtaychik case should. Now, another example of why there really isn't any communication going on between the circuit court and the clerk is if you look at the Medtaychik electronic docket, the same language appears. Voluntary dismissal or leave to refile allowed. But the dismissal order of Medtaychik just said without prejudice. There's nothing about with leave to refile allowed. It's simply a code entry, I would submit, in the circuit court clerk's office, but it's not an explanation or addendum or supplementation of the circuit court order. Finally, as to the agreement in effect, Ms. Hannigan submitted an affidavit explaining what occurred before and after the voluntary dismissal. There was no agreement that the case would go forward. There was nothing on the record. That's nine months later she prepared that affidavit. In October 12th and 13th, at the deposition, there was nothing stated on the record. There was no communication. So, I mean, to say something after the fact, you can make up anything you want to say, but really we have to look at what's in the record, which is if you look at the deposition, the time to do it was then. I mean, if the case was over, the case was over. Well, I used to suggest that that is not necessarily the time to do it, that silence is not indicative of consent or acquiescence. With silence, I did not object on the basis of rest judicata. But that's another. I mean, of course they went on with the case. Those are two important depositions. It wasn't stopped. It didn't ask for a continuation. Well, they didn't go forward as depositions. They went forward as sworn statements because Rush objected to the depositions going forward because there was no case pending. But they knew there was going to be a case pending. Otherwise, they wouldn't have wasted their time to do it. Rush didn't know that there was going to be a case pending. He had no idea what plaintiff was going to do. How can you say that? If that's what they thought, then why would they go through with it? Because it's possible the plaintiff may refile. And if they did refile and the case isn't dismissed for rest judicata, well, it would better have been present. Well, there was no witness. So it went to deposition. So with those cases, I would ask that the court answer the certified question in the affirmative and dismiss against Rush. Thank you very much. Okay. Thank you both for your briefs and your argument. True professionals on both sides. We'll take it under advisement and issue an opinion forthwith.